Carlos Kamber
Reg. No.# 08224-025
Great Plains Correctional Facility
P.O. Box 400
Hinton, OK. 73047
{ In Pro Per }

16-cv-953-DRH

In The United States District Court
For The Southern District Of Illinois

Carlos Kamber,
   Petitioner
     V.
United States Of America,
   Respondant.

Case No.# 4:09-CR-40050-JPG

Motion To Grant Writ Of Habeas Corpus Relief 28 U.S.C 2241 And Sentencing Credit Pursuant To 18 U.S.C 3585(b).

Comes Now, Petitioner, Carlos Kamber, Acting In Pro Per, Respectfully Submits Motion To Grant Writ Of Habeas Corpus Relief Under 28 U.S.C 2241 And Sentencing Credit Pursuant To 18 U.S.C 3585(b).

Petitioner further prays that this Court construe this pleading liberally in light of Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed. 2d 652 (1972), holding that, "Pro Se Litigants are to be held to a lesser standard of review than lawyers who are formerly trained in the law, and are entitled to liberal construction of their pleadings".

FACTS:

Petitioner is currently incarcerated at Great Plains Correctional Facility. Petitioner is currently serving a 150 month term of imprisonment with the Bureau of Prisons.
Petitioner has been incarcerated since Aug. 13, 2009, with a tentative release date of June 22, 2020.
Upon release from this facility, Petitioner has an intense supervised release (probation) of 60 months to serve.

ALIEN ENTITLED TO SENTENCE CREDIT FOR TIME HELD BY I.C.E IN ANTICIPATION OF PROSECUTION: IN LIGHT OF A RULING MADE TO GIVE A DETAINE CREDIT FOR TIME BEING HELD BY U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT SERVICE "PENDING POTENTIAL CRIMINAL PROSECUTION" THE U.S. COURT OF APPEALS FOR THE NINTH CIRCUIT RULED IN FAVOR OF DETAINE ON MAY 18, 2015, CASE LAW NO.# (ZAVALA V. IVES, 2015 BL 152646, 9TH CIR., NO.# 13-56615, 5/18/15).

IN PETITIONERS PARTICULAR CASE SUCH FACTORS INCLUDE:
EXIBIT NO.# 1

1) DATED JUNE 26, 2009 THE FOLLOWING ARREST OF PETITIONER CLEARLY SHOWS CUSTODY AT HARDIN COUNTY JAIL IN ELIZABETH, ILLINOIS / SALINE COUNTY JAIL, HARRISBURG, IL.

2) IN THE SAME EXIBIT NO.# 1 IT ALSO SHOWS CONTACT BEING MADE BY BOTH I.C.E OFFICIAL (JEFFREY M. OTHIC) WITH THE ILLINOIS COUNTY JAIL.

EXIBIT NO.# 2-3.

1) Dated 6/30/2009 the following exibits show that D.E.A / Illinois State Police were executing a search warrant issued by the Magistrate Judge from the United States District Court for the Southern District of Illinois on a suspected criminal operation of marijuana and handguns.

2) Also, the same exibits NO.# 2-3 show that no formal charges were filed yet, pending further investigation by D.E.A / A.T.F.

3) These same exibits NO.# 2-3 clearly show statements given by petitioner that were incriminating and that criminal charges were no doubt going to be implemented.

EXIBIT NO.# 4-5

1) LABELED "INDICTMENT"
THESE TWO PAGES RECORDED AS EXIBITS NO.# 4-5, SHOWS THAT THE CONSPIRACY LASTED FROM OCTOBER, 2008, TO ON OR ABOUT JUNE 26, 2009 THE DATE OF THE ARREST FOR THE CRIMINAL WARRANT AND "INDICTMENT".

2) FURTHERMORE, THE TWO PAGES OF EXIBITS NO.# 4-5 ARE CLEARLY OFFICIAL AND AUTHENTIC SIGNED BY 1) UNITED STATES ATTORNEY, A. COURTNEY COX, AND 2) ASSISTANT UNITED STATES ATTORNEY, JAMES M. CUTCHIN.

3) 8 U.S.C 1226, STATES IN PART, (REQUIRING COOPERATION BETWEEN THE ATTORNEY GENERAL AND FEDERAL, STATE, AND LOCAL AUTHORITIES "WITH RESPECT TO THE ARREST, CONVICTION AND RELEASE OF ANY ALIEN CHARGED WITH AN AGGRAVATED FELONY".
ALSO IN PART, (FEDERAL IMMIGRATION OFFICER AND FEDERAL PROSECUTORS WORK TOGETHER CLOSELY TO FACILITATE CRIMINAL PROSECUTIONS OF ALIENS.

RELEIF SOUGHT:

1) PETITIONER DEMISTRATES AS IN (ZAVALA V. IVES, 2015 BL 152646, 9TH CIR., NO. 13-56615, 5/18/15), THAT HE MEETS THE STANDARDS OF SENTENCING CREDIT UNDER 18 U.S.C 3585(b) FROM JUNE 26, 2009 UNTIL HIS FORMAL HEARING ON HIS CHARGES IN HIS INDICTMENT ON AUG. 13, 2009 AT THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ILLINOIS (BENTON)

2) THE SENTENCING CREDIT WOULD RESULT IN 49 DAYS CREDIT FOR TIME THAT PETITIONER WAS BEING HELD IN BOTH ILLINOIS COUNTY JAIL AND IN ST. LOUIS, MISSOURI IN I.C.E/D.H.S CUSTODY.

3) FURTHERMORE, PETTTIONER HAS ENCLOSED ALONG WITH EXIBITS 1, 2, 3, 4, AND 5 AN EXIBIT No.#6 WHICH SHOWS THE RESULT OF THE ZAVALA V. IVES CASE.

CLOSING:

BASED ON FOREGOING ARGUMENTS AND AUTHORITIES, PETITIONER IS WARRANTED RELIEF, IN GOOD FAITH AND IN GOOD CAUSE, ALL IN THE INTEREST OF JUSTICE AND PURSUANT TO 18 U.S.C. 3585(b) (HOLDING THAT THE STATUE GRANTS DISCRETION TO A DISTRICT COURT TO ALLOW SENTENCING CREDIT TO PETITIONER BASED ON CASE LAW, IN THIS CASE (ZAVALA V. IVES, 2015 BL 152646, 9TH CIR., NO. 13-56615, 5/18/15).

RESPECTFULLY SUBMITTED
ON THIS 15TH DAY OF AUG. 2016.

*[signature]*
PETITIONER/IN PROPER/AFFIANT

## Certificate Of Service:

I, Carlos Kamber, hereby certify that I have served a true and correct copy of the following:

This action is deemed filed at the time it was delivered to prison authorities for forwarding, [See Houston v. Lack, 101 L.Ed. 2d 245 (1988)], upon Defendant(s) or Plaintiff(s) and/or their Attorney(s) of Record, by placing said Motion / Petition(s) in a sealed, postage pre-paid envelope addressed to:

This legal action was deposited in the United States mail at the Great Plains Correctional Facility Mail Room, located in the main loby.

I declare, under penalty or perjury, that the foregoing is true and correct, pursuant to 28 U.S.C 1746.

Executed and signed on this 15th day of Aug. 2016.

*[signature: Carlos Kamber]*

Petitioner / In Pro Per
Reg. No.# 08224-025

JUN-26-2009 11:57AM   FROM-SALINE Cr   +6182538010   T-014  P.002/002  F-541

**U.S. Department of Homeland Security**
**Bureau of Immigration & Customs Enforcement**

EXHIBIT NO.# 1

# Immigration Detainer – Notice of Action

TO: Hardin County Jail
FROM: Special Agent Jeffrey M. Othic

File No. A30 394 387

**THIS DETAINER TO FOLLOW SUBJECT ON ALL CUSTODY TRANSFERS**

Date: June 26, 2008

618-287-3901-of

#74

605
1748

(Name and title of institution):
Hardin County Jail
Attention: Booking Officer
Elizabethtown, Illinois
618-287-2992 FAX

From: (ICE office address)
1222 Spruce Street Room #1.100
Attention: Special Agent Jeffrey M. Othic
St. Louis, Missouri 63103
Ph: (314) 539-2538 or non-duty 800-973-2867

Name of alien: Carlos Alberto KAMBER    Inmate #
Date of birth: October 9, 1971   Nationality: Iraq   Sex: Male

You are advised that the action noted below has been taken by Immigration and Customs Enforcement concerning the above-named inmate of your institution:

[X] Investigation has been initiated to determine whether this person is subject to removal from the United States.
[ ] A Notice to Appear or other charging document initiating removal proceedings, a copy of which is attached, was served on _____ (Date)
[ ] A Warrant of arrest in removal proceedings, a copy of which is attached, was served on _____ (Date)
[ ] Deportation or removal from the United States has been ordered.

It is requested that you:

Please accept this notice as a detainer. This is for notification purposes only and does not limit your discretion in any decision affecting the offender's classification, work and quarters assignments, or other treatment which he or she would otherwise receive.

[X] Federal regulations (8 CFR 287.7) require that you detain the alien for a period not to exceed 48 hours (excluding Saturdays, Sundays and Federal holidays) to provide adequate time for ICE to assume custody of the alien. You may notify ICE by calling (314) 539-2132 x 266 during business hours or 800-973-2867 after hours in an emergency.

[X] Please complete and sign the bottom block of the duplicate of this form and return it to this office. [ ] A self-addressed stamped envelope is enclosed for your convenience. [X] Please return a signed copy via facsimile to (314) 539-2440 .
(Area code and facsimile number)

Return to the attention of Jeffrey M. Othic, Special Agent , at (314) 539-2083
(Name of INS officer handling case)          (Area code and phone number)

[X] Notify this office of the time of release at least 30 days prior to release or as far in advance as possible.
[X] Notify this office in the event of the inmate's death or transfer to another institution.
[ ] Please cancel the detainer previously placed by this Service on _____

_____          Jeffrey M. Othic, Special Agent
(Signature of ICE official)               (Title of ICE official)

Receipt acknowledged:

Date of latest conviction: _____   Latest conviction charge: _____
Estimated release date: _____

Signature and title of official: ___BC Bull___   06-26-09  Saline Co. Jail

Form I-247 (Rev. 4-1-97)N

SUBJECT IS IN SALINE CO JAIL - HARRISBURG, IL

EXHIBIT
NO. #2

| U.S. Department of Homeland Security | | Continuation Page for Form I213 |
|---|---|---|
| Alien's Name<br>KAMBER, Carlos Ablert | File Number<br>A020394387<br>Event No: XSU0906000018 | Date<br>06/30/2009 |

03-CR-1862801 for Aggravated Battery, sentenced to ILDOC on 07/19/04 for three years.

On approximately 3/31/05, KAMBER was last released from ICE Detention & Removal (DRO) custody in Chicago, Illinois on an order of supervision pending the receipt of travel documents to return him to Iraq.

According to the KAMBER?S immigration file, he was reissued his order of supervision paperwork on 6/20/06. Two conditions of his order of supervision were that he not associate with criminals or members of a gang that is known to be involved in criminal activity and that he not commit any crimes or be associated with any criminal activity. KAMBER?S last in contact with Chicago DRO was recorded on 3/29/07.

On 3/6/08, KAMBER was convicted in Cook County, Illinois for felony possession of controlled substance (07-CF-2469001) and sentenced to one year incarceration. On 5/5/09, KAMBER was released on parole 5/05/09 for one year. According to the ILDOC, KAMBER only reported in to his Parole Officer two times via phone. When a Parole Officer went to his residence in Chicago where he was supposed to be living with his mother, no one in apartment building had ever heard of either person. No more contacts were made with KAMBER by the ILDOC and he was successfully discharged from parole in May of 2009.

There is no record of KAMBER?S 2007 conviction in his immigration file or that he was ever contacted by ICE Agents while incarcerated in the ILDOC.

On 6/26/09, KAMBER was encountered by Drug Enforcement Agents while executing a search warrant on a suspected marijuana growing operation at a residence located at Rural Route 1, Box 162A in Elizabethtown, Illinois 62931. As a result of the search warrant, approximately 1,001 marijuana plants were seized by the DEA from the residence and a nearby building. Additionally, two handguns were also recovered from the residence that KAMBER was staying in. KAMBER indicated that he was a foreign national and Reporting Agent was contacted for further investigation. After interviewing KAMBER telephonically, it was determined that he had violated the terms of his order of supervision due to the 2007 conviction and his residing in a residence being used for an illegal marijuana grow operation. An ICE detainer was issued for KAMBER and he was held in the Saline County Jail. On 6/30/09, KAMBER was released to ICE custody. No formal charges were filed in regard to KAMBER pending further investigation into KAMBER?S activities by the DEA and ATF.

When interviewed by Reporting Agent on 6/30/09, KAMBER admitted he had prior affiliation with the Latin Kings Street gang in Chicago, Illinois as well as the Assyrian Kings street gang. KAMBER had two Latin King affiliated tattoos on his body. KAMBER stated that he had been affiliated with the Latin Kings since his late teens in the Division and Spalding neighborhoods and that he was later a part of the Assyrian Kings as well. KAMBER stated he later had a falling out with the Assyrian Kings because he began practicing Judaism. KAMBER stated he is currently being threatened by members of both the Latin Kings and Assyrian Kings as they have now joined forces.

KAMBER stated that he was sent to the residence in Elizabethtown by members of the Latin/Assyrian Kings approximately two months ago and that they intended on killing him. KAMBER stated he convinced them not to kill him as he had incriminating evidence against the subjects that sought to harm him. KAMBER admitted he was working as a guard for grow operation but claimed it was against his will. KAMBER stated a female that was at the residence was also working for the gang against her will by cultivating the marijuana plants. Though KAMBER denies any current gang affiliation, the facts of KAMBER?S latest encounter...(CONTINUED ON NEXT PAGE)

| Signature<br>JEFFREY M. OTHIC | Title<br>SENIOR SPECIAL AGENT |
|---|---|

3 of 4 Pages

Form I-831 Continuation Page (Rev. 08/01/07)

EXIBIT NO. #3

| U.S. Department of Homeland Security | | Continuation Page for Form I213 |
|---|---|---|
| Alien's Name<br>KAMBER, Carlos Ablert | File Number<br>A020394387<br>Event No: XSU0906000018 | Date<br>06/30/2009 |

appear to confirm that he is currently affiliated with the Latin/Assyrian Kings Gang in the Chicago, Illinois area.

IBIS/TECS checks were negative for KAMBER. KAMBER will be turned over to St. Louis DRO for revocation of his order of supervision as a convicted aggravated felon under Section 237(a)(2)(A)(iii) of the INA.

| Signature<br>JEFFREY N. OTHIC | Title<br>SENIOR SPECIAL AGENT |
|---|---|

4 of 4 Pages

Form I-831 Continuation Page (Rev. 08/01/07)

Case 5:16-cv-01081-D   Document 1   Filed 08/25/16   Page 12 of 15

EXIBIT NO.#4

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

COPY

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | CRIMINAL NO. _____ |
| v. | ) | |
| | ) | Title 18, United States Code, Section |
| CARLOS A. KAMBER | ) | 922(g)(1) |
| | ) | Title 21, United States Code, Sections |
| Defendant. | ) | 841(a)(1) and 846. |

## INDICTMENT

THE GRAND JURY CHARGES:

### COUNT 1
### CONSPIRACY TO MANUFACTURE AND DISTRIBUTE MARIJUANA

From at least in or about October, 2008, to on or about June 26, 2009, in Hardin County, within the Southern District of Illinois, and elsewhere within the United States,

**CARLOS A. KAMBER,**

defendant herein, did knowingly and intentionally conspire and agree with other persons, both known and unknown to the Grand Jury, to knowingly and intentionally manufacture and distribute marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1); all in violation of Title 21, United States Code, Section 846.

The number of marijuana plants involved in this conspiracy was 1000 or more in violation of Title 21, United States Code, Section 841(b)(1)(A)(vii).

### COUNT 2

### FELON IN POSSESSION OF A FIREARM

On or about June 26, 2009, in Hardin County, within the Southern District of Illinois,

**CARLOS A. KAMBER,**

EXIBIT NO. # 5

defendant herein, having previously been convicted of a felony punishable by imprisonment for a term exceeding one year, to wit: Aggravated Battery Causing Great Bodily Harm in the Circuit Court of Cook County, Illinois, on or about July 19, 2004, in case no. 03CR1862801, did knowingly possess, in and affecting commerce, a firearm, that is a Glock 9 mm semiautomatic pistol bearing serial number NAV176 and the notation "Made in Austria"; all in violation of Title 18, United States Code, Sections 922(g)(1).

A TRUE BILL

_____
FOREPERSON

_____
A. COURTNEY COX
United States Attorney

_____
JAMES M. CUTCHIN
Assistant United States Attorney

Recommended Bond:    Detention

*Sentencing*   EXIBIT NO.#6

## Alien Entitled to Sentence Credit for Time Held by ICE in Anticipation of Prosecution

An alien being sentenced for illegally reentering the U.S. after having previously been deported should have been given credit for the time he was held by the U.S. Immigration and Customs Enforcement Service "pending potential criminal prosecution," the U.S. Court of Appeals for the Ninth Circuit ruled May 18 (*Zavala v. Ives*, 2015 BL 152646, 9th Cir., No. 13-56615, 5/18/15).

In an opinion by Judge Stephen Reinhardt, the court drew a clear line between detentions pending deportation—for which a defendant is not entitled to sentencing credit—and any government detention pending a potential criminal prosecution, which it said does trigger sentencing credit under 18 U.S.C. § 3585(b).

**'Official Detention.'** Daniel Zavala was convicted of illegal reentry under 8 U.S.C. § 1326.

The sentencing judge gave Zavala credit under Section 3585(b) for the time the U.S. Marshals Service (USMS) detained him before his criminal sentence began, but refused to give him comparable credit for the two times he was in the hands of the U.S. Immigration and Customs Enforcement Service (ICE).

The judge said that immigration detention never qualifies as "official detention" for purposes of giving credit under Section 3585.

ICE detained Zavala from September 20 through October 5, 2010, before an indictment was returned, at which point he was handed over to the USMS.

When that indictment was dismissed for lack of venue, Zavala was returned to ICE and held from December 11 until he was re-indicted and delivered back to the USMS on December 21, 2010.

**Same as Detention by Marshall's Office.** The Ninth Circuit reversed and remanded, saying that sentencing credit should be extended to all government detention in anticipation of a criminal proceeding. It said there is no reason to differentiate between USMS and ICE detentions.

"Given that prosecutions for immigration-status crimes result from cooperative efforts between the two sets of officials, it would be arbitrary to afford sentencing credit when the government elects to hold a defendant in USMS detention while it builds its criminal case but not when the government elects to hold a defendant in ICE detention while it does so," the court said.

On remand, the court directed the district court to credit Zavala for the 10 days that ICE detained him while the charges were being refiled. The record makes clear that the government always intended that the criminal charges against Zavala would be reinstated in the proper venue, the court said.

It further directed the court to conduct an evidentiary hearing regarding the time Zavala was detained by ICE before the indictment was returned to decide whether ICE was holding him for the purpose of potential prosecution instead of potential deportation.

**Deportation Versus Prosecution.** The court rebuffed the government's argument that requiring it to grant credit to detainees for time spent in ICE detention would be difficult, if not impossible, to administer. A number of district courts already follow this interpretation, it said.

Moreover, the Bureau of Prisons already grants sentencing credit for time spent in state or foreign custody where that time was not credited to another sentence, it observed.

Judge Kim McLane Wardlaw joined the opinion.

Judge Consuelo M. Callahan agreed that aliens should be eligible for credit for all time spent in ICE custody once they have been charged, but dissented from the portion of the opinion that extended that principle to pending potential criminal prosecutions. This new rule "will generate a slew of habeas petitions that will require district courts to conduct time-consuming evidentiary hearings to determine the elusive moment when pre-indictment immigration detention changed from 'pending deportation' to 'pending potential prosecution,'" Callahan wrote.

Zavala was represented by the Federal Public Defender's Office. The government was represented by the U.S. Attorney's Office.

BY LANCE J. ROGERS

*Full text at http://www.bloomberglaw.com/public/document/Zavala_v_Ives_No_1356615_2015_BL_152646_9th_Cir_May_18_2015_Court.*

*Forfeiture*

## Pot Growing Site's Forfeiture Up in Air After Ninth Circuit Reverses Judgment

The property owner of a "large marijuana cultivation site" had his challenge to a federal forfeiture action against his property reinstated by the U.S. Court of Appeals for the Ninth Circuit May 19 (*United States v. 17 Coon Creek Rd.*, 2015 BL 154446, 9th Cir., No. 12-16590, 5/19/15).

Byron Pickle claimed an "innocent owner" affirmative defense to the forfeiture. His failure to respond to special government interrogatories didn't quash his statutory standing, and wouldn't have warranted striking his claim as a discovery sanction without giving him an opportunity to cure, the Ninth Circuit said in an opinion by Judge Elaine E. Bucklo, sitting by designation.

**'Statutory' Standing.** To challenge a forfeiture, in addition to establishing Article III standing, a claimant must comply with "the jurisdictional procedural requirements" of Federal Rule of Civil Procedure Supplemental Rule G(5), the court said.

"Many courts" refer to this as "statutory standing," the Ninth Circuit said.

The government did not claim that Pickle failed to comply with Rule G(5) nor did it claim he lacked Article III standing here, the court said.

"We thus agree with the conclusion drawn by other courts of appeals that where a claimant's Article III and statutory standing are not reasonably in dispute, his failure to respond to Rule G(6) special interrogatories does not, in itself, warrant striking his claim," the court said.

U.S. Department of Justice
Federal Bureau of Prisons
Federal Correctional Institution
Post Office Box 900
Herlong, California 96113-0900

Official Business



Oklahoma City P&DC 73125
MON 15 AUG 2016 PM

CARLOS KAMBER
#08224-025
GREAT PLAINS
    CORRECTIONAL FACILITY
P.O. BOX 400
HINTON, OK. 73047

"LEGAL MAIL"

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
{BENTON COURT HOUSE}
501 W. MAIN STREET
~~BONE GAP, ILL. 62815~~
(UNITED STATES)

Benton    IL   62812