IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

CARLOS A. KAMBER, )
 )
    Petitioner, )
 )
 ) No. CIV-16-1081-D
v. )
 )
UNITED STATES OF AMERICA, )
 )
    Respondent. )

REPORT AND RECOMMENDATION

Petitioner, a federal prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.[1] In his Petition filed August 25, 2016, Petitioner seeks sentence credit under 18 U.S.C. § 3585(b) for 49 days during which he was detained in a state jail on federal charges and also under a detainer posted by the United States Immigration and Customs Enforcement ("ICE").

Respondent has moved to dismiss the Petition on the ground that Petitioner has already received the sentence credit he requests and his claim is therefore moot. Petitioner has not responded to the Motion to Dismiss. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the

---

[1] The action was initially filed in the United States District Court for the Southern District of Illinois and later transferred to this Court.

following reasons, it is recommended that the Petition be denied as moot.

Petitioner is serving a 150-month sentence for his convictions for unlawful possession and manufacturing of marijuana and felon in possession of a firearm. Petitioner was arrested by local law enforcement officers on June 26, 2009. On August 4, 2009, Petitioner was indicted on federal charges. On August 13, 2009, a detainer was filed by ICE with the jail where he was in custody based on Petitioner's illegal immigration status. Petitioner was convicted of the above-described federal charges. On January 14, 2011, Petitioner was sentenced in the United States District Court for the Southern District of Illinois to a term of imprisonment of 245 months. This sentence was later reduced by the sentencing court to a term of imprisonment of 150 months.

Respondent states that after reviewing the instant Petition the Bureau of Prisoners computed Petitioner's sentence to include jail custody credit from June 26, 2009, the date of his arrest, to January 13, 2011, the day before his federal sentencing. With this new sentence computation, Petitioner's release date is May 14, 2020. Respondent has supported this assertion with the affidavit of Mr. Williams, a Management Analyst with the United States Department of Justice. Mr. Williams avers that Petitioner's sentence has indeed been credited with "jail credit from June 26, 2009 (the date of his arrest) to January 13, 2011 (the date of his conviction)" and "[h]is new release date is May 14, 2020." Motion to Dismiss, Ex. 1.

Pursuant to 18 U.S.C. § 3585(b), a federal prisoner is entitled to credit toward the service of a term of imprisonment "for any time he has spent in official detention prior to the

date the sentence commences . . . that has not been credited against another sentence." See United States v. Simpson, 525 Fed. App'x 733, 735 (10th Cir. 2013)(unpublished op.)("Section 3585(b) allows a federal defendant to be given credit toward his federal term of imprisonment only if that time 'has not been credited against another sentence.'"). "Congress has indicated that computation of the credit must occur after the defendant begins his sentence." United States v. Wilson, 503 U.S. 329, 333-334 (1992).

"Article III's requirement that federal courts adjudicate only cases and controversies necessitates that courts decline to exercise jurisdiction where the award of any requested relief would be moot - i.e. where the controversy is no longer live and ongoing." Cox v. Phelps Dodge Corp., 43 F.3d 1345, 1348 (10th Cir. 1994)(superceded by statute on other grounds). It is not controverted that Petitioner has now received credit for the time he spent in pre-sentencing custody on his federal charges. Consequently, Petitioner is not entitled to federal habeas relief, and his request for habeas relief should be denied as moot.

RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be DENIED as moot. The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court by ___ December 12th ___, 2016, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950

3

F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this   22nd   day of                November   , 2016.

*Gary M. Purcell*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE